UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-630-MOC
(3:13-cr-42-MOC-3)

| | |
|---|---|
| JEROME GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I.   BACKGROUND

In April 2012, law enforcement officers received a call regarding home invasions with drug dealers being robbed. (Crim. Case No. 3:13-cr-42, Doc. No. 69 at 11: Sent. Tr.). Officers began searching for and eventually identified a vehicle and occupants matching the description of the perpetrators of the home invasions.[1] (Id., Doc. No. 49 at ¶ 5: PSR; Doc. No. 69 at 11). The vehicle initially fled the police, but it was eventually stopped. (Id., Doc. No. 38 at 1). The car was occupied by Petitioner Jerome Green and his co-defendants Chico Caldwell and Christopher Lee Wilkes. (Id.). Caldwell, who was wearing body armor, was driving the vehicle, Petitioner was in the front passenger seat, and Wilkes was in the back seat on the passenger side. (Id. at 1-2). Officers saw Wilkes pushing something into his jacket pocket. (Id. at 1). When asked, Wilkes stated that he had nothing of interest in his pocket and began removing items to

---

[1] Petitioner admitted this information as part of the Factual Basis. (Crim. Case No. 3:13-cr-42, Doc. No. 38 at 1: Factual Basis).

1

show the officers. In doing so, he pulled out a baggie of marijuana. (Id.). Officers ordered Wilkes out of the car, and they saw that he had flex cuffs and two ammunition magazines on his person. They also observed a firearm where Wilkes had been sitting in the vehicle.

Officers searched the vehicle and passengers, finding three firearms, marijuana, crack cocaine, Xanax, digital scales, flex cuffs, and over $1,000 in small bills. (Id. at 1-2). More specifically, Caldwell was carrying crack cocaine, Xanax, and $200 in small bills. (Id. at 2). Two sets of digital scales and $914 in small bills were found in the center console. (Id.). A firearm was found on the driver's side floorboard, where it would have been easily accessible to Caldwell. (Id.). Additionally, a backpack containing over 150 grams of marijuana, some loose and some packaged in baggies, was found on the driver's side floorboard. (Id.). Another firearm was found on the passenger-side floorboard, where it would have been easily accessible to Petitioner. (Id.).

As a result of the stop, Petitioner was named in four counts of a fifteen-count indictment brought against Petitioner, Caldwell, and Wilkes. (Id., Doc. No. 3: Sealed Indictment). Petitioner was charged with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Six); conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Seven); possession of a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c) (Count Nine); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Twelve). (Id.).

Petitioner agreed to plead guilty to possession of a firearm by a convicted felon.[2]  (Id., Doc. No. 37 at ¶ 1: Plea Agrmt.).  In return for Petitioner's plea, the Government agreed to dismiss the remaining charges against him and to recommend that his plea was timely entered for purposes of obtaining a three-level reduction for acceptance of responsibility.  (Id. at ¶ 7(a)).  Petitioner waived the right to withdraw his guilty plea, id. at ¶ 15, and waived the right to challenge his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct, id. at ¶¶ 18-19.

At the plea hearing, Petitioner admitted that he was guilty of the offense charged and testified that he understood that his plea agreement included a waiver of his right to appeal his conviction and sentence, as well as to challenge his conviction and sentence in a post-conviction proceeding.  (Id., Doc. No. 68 at 8-10: Plea Tr.).  He stated that he agreed with the terms of the plea agreement.  (Id. at 9).  He also testified that no one had threatened or forced him to plead guilty; that no one had made any promises outside of the plea agreement to induce him to plead guilty; and that he was satisfied with the services of his attorney.  (Id. at 10).  The magistrate judge accepted the plea as being knowingly and voluntarily made.  (Id. at 11).

The probation officer issued a presentence report (PSR), recommending that Petitioner be assigned a total offense level of 23, based on a base offense level of 20, a two-level increase for possessing three firearms, a four-level increase for possessing a firearm in connection with another felony offense (possession with intent to distribute cocaine base and marijuana), and a three-level reduction for acceptance of responsibility.  (Id., Doc. No. 47 at ¶¶ 14-16; 22-24).

---

[2] Petitioner's co-defendant Wilkes also pleaded guilty to being a felon in possession of a firearm.

Petitioner was assigned a criminal history category of III, which resulted in an advisory guidelines range of 57-71 months of imprisonment. (Id. at ¶¶ 32; 55).

At sentencing, Petitioner reaffirmed the answers he gave at the plea hearing, and this Court affirmed the magistrate judge's finding that Petitioner's plea was knowingly and voluntarily made. (Id., Doc. No. 69 at 2-3: Sent. Tr.). Furthermore, the Government was prepared at sentencing to offer testimony about the home invasion robberies that had led law enforcement officers to look for a vehicle and occupants matching the descriptions of Petitioner and his co-defendants. (Id. at 17). However, the Court determined that it could sentence Petitioner without this additional information. (Id. at 18). The Court sustained Petitioner's challenge to the two-level increase for possessing three firearms, which reduced the advisory guidelines range to 46-57 months of imprisonment, and the Court sentenced Petitioner to 57 months. (Id. at 23-24; 32).

Petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence. United States v. Green, 606 F. App'x 720 (4th Cir. 2015). On appeal, Petitioner challenged the four-level enhancement he received for using or possessing a firearm in connection with another felony offense, and he argued that the evidence was insufficient to show that he knew that marijuana was in the vehicle. Id. at 722. The Fourth Circuit rejected Petitioner's arguments, noting that "[a]ll three occupants had firearms concealed within the car, positioned so as to be easily available." Id. The Court also determined that the facts were "consistent with a finding that the occupants of the vehicle jointly possessed the marijuana with intent to distribute and used the firearms in connection with that trafficking offense." Id.

Petitioner timely filed the pending motion to vacate in December 2015, alleging ineffective assistance of counsel, an involuntary guilty plea, and sentencing error. (Doc. No. 1).

On January 5, 2016, this Court dismissed Petitioner's two claims of sentencing error as non-cognizable and ordered the Government to respond to his remaining two claims. (Doc. No. 2). On February 4, 2016, the Government moved to dismiss the motion to vacate, arguing that because Petitioner had not specifically alleged or shown deficient performance or prejudice, or that his guilty plea was involuntary, his claims should be dismissed as conclusory and for failure to comply with Rule 2 of the Rules Governing § 2255 Proceedings. (Doc. No. 3). The Government further argued that Petitioner's claim of an involuntary guilty plea was barred by the waiver provision in his plea agreement and by his failure to raise the issue before this Court or on direct appeal.

On February 17, 2016, Petitioner filed a merits brief in support of his motion to vacate. (Doc. No. 5). In the merits brief, Petitioner expressly withdrew his claim that his guilty plea was involuntary. (Id. at 13). On March 17, 2016, the Government filed a supplemental response. (Doc. No. 7). In its supplemental response, the Government contends that Petitioner's motion to vacate should be dismissed because this Court previously dismissed his claims of sentencing error, he has withdrawn the claim that his plea was involuntary, and his claims of ineffective assistance of counsel are without merit. On May 24, 2016, Petitioner filed a Reply to the Government's response and supplemental response. (Doc. No. 10).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

5

arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, the Court agrees with the Government that since this Court previously dismissed Petitioner's claims of sentencing error and because Petitioner has withdrawn the claim that his guilty plea was involuntary, the only remaining claims are his claims of ineffective assistance of counsel, in which Petitioner contends that counsel was ineffective for failing to file a motion to suppress and for failing to adequately investigate Petitioner's case with respect to the drug charges that were brought against him.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance

prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Petitioner first argues that counsel provided ineffective assistance by failing to file a motion to suppress the evidence obtained as a result of the traffic stop of the vehicle. (Doc. No. 5 at 7-8). "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Petitioner has not shown that counsel's failure to file a motion to suppress affected the voluntariness of his

7

guilty plea. Indeed, Petitioner expressly waived his claim that his guilty plea was involuntary, and he does not allege that he would not have pleaded guilty but for counsel's conduct. See Fields, 956 F.2d at 279.

Even if this claim were not waived by his guilty plea, it would still fail on the merits. To establish ineffective assistance based on counsel's failure to file a motion to suppress, a defendant must show both deficient performance and prejudice. There is no deficient performance where counsel's determination not to litigate a motion to suppress is reasonable. See Walker v. United States, No. RWT-14-0536, 2015 WL 4638069, at *2 (D. Md. July 31, 2015) (unpublished). "Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." Premo v. Moore, 562 U.S. 115, 124 (2011). "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence." Id. at 129 (holding that counsel was not ineffective for failing to file motion to suppress before guilty plea). Rather, to establish prejudice from the failure to file a motion to suppress, a defendant must show not only that the motion would have been successful, but also that there is a reasonable probability that, but for counsel's failure to file the motion to suppress, he would not have pleaded guilty. Id. at 130.

Petitioner contends that counsel should have moved to suppress the evidence obtained as a result of the vehicle stop because there was no probable cause for the stop since no evidence of a home invasion robbery was presented. (Doc. No. 5 at 7-8). Petitioner's assertion is speculative, conclusory, and based on the wrong legal standard. First, Petitioner's speculation that there was no evidence of a home invasion robbery is insufficient to support his claim. See

8

United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Additionally, his assertion contradicts the record. The Factual Basis in this case, to which Petitioner agreed, indicated that the vehicle and its occupants matched the description of those involved in various home invasion robberies. (Crim. Case No. 3:13-cr-42, Doc. No. 38 at 1; Doc. No. 49 at ¶ 5). As noted, the Government was prepared to offer testimony to establish this fact at sentencing, but the Court deemed it unnecessary. (Id., Doc. No. 69 at 17-18).

Next, even if counsel had brought a motion to suppress, it would have been denied. An officer may conduct an investigatory stop of a vehicle if he "reasonably suspects" that the occupants are engaged in criminal activity. See United States v. Sharpe, 470 U.S. 675, 682 (1985); Terry v. Ohio, 392 U.S. 1, 22-23 (1967). A court considers the totality of the circumstances in making this determination. United States v. Glover, 662 F.3d 694, 698 (4th Cir. 2011). Here, reasonable suspicion existed to stop the vehicle because the vehicle and its three occupants matched the description of the persons and vehicle involved in a home invasion robbery. See United States v. Dunmire, 7 F. App'x 155, 156 (4th Cir. 2001) (holding there was reasonable suspicion to stop driver where he was in the area where crimes had been committed and he and his vehicle matched descriptions given by the victims). The vehicle also attempted to flee police. See United States v. Taylor, No. 15-4029, 2016 WL 1007028, at *2 (4th Cir. Mar. 15, 2016) (unpublished) (citing attempt to get vehicle off the road and hide from officers as supporting reasonable suspicion). Other than contending that there was no home invasion robbery, Petitioner offers no basis for challenging the stop. Because the facts establish reasonable suspicion for stopping the vehicle, Petitioner has not shown that a motion to suppress would have been successful. See Alabama v. White, 496 U.S. 325 (1990) (holding even an

9

anonymous tip may provide reasonable suspicion for an investigatory stop). Thus, Petitioner has not shown that counsel's decision not to file a motion to suppress was an objectively unreasonable decision.

Petitioner also cannot establish prejudice. That is, he does not allege that, but for counsel's failure to file a motion to suppress, he would not have pleaded guilty. See Meyer, 506 F.3d at 369; McDaniel v. United States, No. 3:08cv547, 2010 WL 3326694, at *3 (W.D.N.C. Aug. 23, 2010) (unpublished) (denying motion to vacate based on claim of ineffective assistance for failing to file a motion to suppress where petitioner did not assert that he otherwise would have proceeded to trial). Nor would such an allegation be objectively reasonable, given counsel's negotiation of a plea deal that dropped the two drug conspiracy charges and resulted in the dismissal of the 18 U.S.C. § 924(c) count, which carried a mandatory five-year consecutive sentence. In sum, for the reasons stated herein, Petitioner's ineffective assistance of counsel claim based on counsel's failure to file a motion to suppress is dismissed.

As the next part of his ineffective assistance of counsel claim, Petitioner argues that counsel failed to adequately investigate or effectively challenge the validity of the evidence or explain to him that there was evidence of actual innocence. (Doc. No. 5 at 6-7). Specifically, he asserts that the Government could not establish that he had possession or control over the drugs because no drugs were found on his person, no drugs were in plain view, and all the drugs found were either close to, or in the control of, Petitioner's co-defendants. (Id. at 7). Consequently, Petitioner seeks to have his sentence reduced by the four levels it was enhanced for possessing a firearm in connection with another felony offense. (Id. at 8-9). He asserts that this would reduce his sentence to time served. (Id.).

Petitioner has not shown that counsel was deficient. The location of the drugs was included in the Factual Basis and, as a passenger in the vehicle, Petitioner had personal knowledge of what he possessed and what he could see. Petitioner does not state what evidence additional investigation would have uncovered or on what basis counsel could have challenged the validity of the Government's evidence. Nor has he shown that there was any evidence, let alone any undiscovered evidence, establishing that he did not commit the crimes with which he was charged. Thus, Petitioner's assertion that his counsel was deficient for failing to adequately investigate or advise him that there was evidence of actual innocence is based on conclusory allegations and is dismissed. See Dyess, 730 F.3d at 359-60.

Petitioner also cannot show prejudice where he did not plead guilty to the drug charges. Here, Petitioner pleaded guilty to being a felon in possession of a firearm. The possession of drugs was not an element of this offense, and the initial drug charges against Petitioner were dismissed in accordance with the plea agreement. Nor does Petitioner allege that, but for counsel's alleged failure to discuss the sufficiency of the evidence on the drug charges with him, he would not have pleaded guilty to the firearm charge in exchange for the dismissal of those charges. Instead, he merely challenges his sentence, which the Fourth Circuit previously held was properly enhanced because the evidence showed that the defendants jointly possessed the marijuana found in the vehicle. Green, 606 F. App'x at 722. Petitioner is barred from revisiting this determination on post-conviction review. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). In sum, for the reasons stated herein, Petitioner's ineffective assistance of counsel claim based on counsel's failure to investigate the drug charges is without merit. See Strickland, 466 U.S. at 687-88, 694.

**IV.    CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 7, 2016

Max O. Cogburn Jr.
United States District Judge